IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRINITY MORAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INSURANCE PROTECTION SPECIALISTS,<br><br>    Defendant. | CIVL ACTION NO.<br><br>2:25-cv-00258 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

*Defendant asks this court to excuse the delay in submitting this reply.*

Under LCivR 7.2, a reply to a response must be filed within 14 days of service of the response. Unfortunately, a serious illness made its way through Counsel's firm seriously affecting its ability to respond timely. Defendant respectfully requests that the Court accept this filing and consider it in any decision. Defendant's response is limited to the issue of Caller ID and relies on its initial brief for all other matters.

**Reply**

Plaintiff's response relies almost exclusively on untested decisions from Federal District Courts outside the jurisdiction of the present Court. To support their position, Plaintiff relies on *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571 (E.D. Pa. 2025) as well as a series of cases in the Eastern District of Michigan brought by serial litigator Mark Dobronski. It is Plaintiff's position that these cases were wrongly decided and that it would be a mistake on the part of this Court to adopt the nonbinding authority presented by Plaintiff. Instead, Plaintiff urges this Court to

instead follow the numerous cases that have found that there is no private right of action for violations of 47 CFR § 64.1601(e) as detailed in their Motion.[1]

In *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *5 (E.D. Mich. Mar. 25, 2025), the Court somehow found that 47 CFR § 64.1601(e) was actually promulgated under 47 USC 227(c). Their analysis relied largely on the temporal impossibility of relying on 47 USC 227(e). The Court appeared to start with the assumption that the FCC must have had the authority to promulgate the regulation and therefore it must be 47 USC 227(c) as that is the only plausible option in existence at the time. This approach assumes that the FCC did in fact act with congressional authority.  However, the text of 47 USC 227(c) makes no mention of Caller ID. Furthermore, at the time of its passing, Caller ID was only a nascent technology that was not available to most consumers or telemarketers, so it is less than plausible that Congress intended to imbue the FCC with the right to regulate and also create a private cause of action for such a breach. And finally, *Dobronski* admits that it is not clear that the regulation falls under 47 USC 227(c) and further admits that it is not an "ineluctable fit" under that provision. The Court then goes on to sidestep *Ziglar v. Abbasi*'s proclamation that it "is logical to assume that Congress will be explicit if it intends to create a private cause of action" by stating that they are not implying or creating a right of action but "determining the scope of an express right of action." However, that fact that there appears to be a split between numerous districts all around the country and that there has been not been a private cause of action allowed under the

---

[1] These cases include the following: *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024); *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *17 (S.D. Cal. Nov. 6, 2017); *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016) aff'd by 678 F. App'x 165 (4th Cir. 2017).

regulation for the first 21 years of its existence goes against the finding that such a cause of action was "explicitly" granted.

                                                          Respectfully submitted,

Dated: February 23, 2026                COLLIS, GRIFFOR & HENDRA, PC

                                                          By */s/ Stuart M. Collis*
                                                          Stuart M. Collis (P49530)
                                                          1851 Washtenaw Ave.
                                                          Ypsilanti, MI 48197
                                                          Telephone: (734) 827-1337
                                                          scollis@collisandgriffor.com

                                                          *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically upon counsel of record by electronic mail on February 23, 2026.

                                                        By: */s/ Stuart M. Collis*
                                                                Stuart M. Collis (P49530)