UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRINITY MORAN,

      Plaintiff,

                                    Case No. 2:25-cv-258

v.

                                      HON. JANE M. BECKERING

INSURANCE PROTECTION SPECIALISTS,
LLC,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff Trinity Moran ("Moran") initiated this putative class action lawsuit on November 10, 2025, by filing a Complaint against Defendant Insurance Protection Specialists, LLC.  Moran alleges that Defendant violated certain provisions of the Telephone Consumer Protection Act ("TCPA") and its implementing regulations applicable to telemarketers.  Now pending before the Court is a motion to dismiss filed by Defendant challenging both counts of Moran's Complaint.  For the reasons stated below, the Court will deny the motion.

### I.  BACKGROUND

#### A.  Factual Background

Moran "brings this action to enforce the consumer-privacy provisions of the TCPA" (Compl., ECF No. 1 at PageID.2).  She alleges in Count One that "Defendant violated the TCPA by making telemarketing calls to [individuals] listed on the National Do Not Call Registry without their written consent," and she alleges in Count Two that Defendant failed to comply with the TCPA's "Caller ID" requirements (Compl., ECF No. 1 at PageID.5–8, 10–12).

Moran alleges that she listed her residential, cellular telephone number on the National Do Not Call Registry in 2023, and she "received at least one [telemarketing] call and one text message from the Defendant on March 22, 2025" without consent (*id.* at PageID.4–5).  "The call occurred on March 22, 2025 at 10:33 a.m. from Defendant at (989) 572-0406.  The purpose of the call was to attempt to sell [Moran] final expense insurance. [Moran] was not interested, so she hung up. Minutes later at 10:37 a.m., [Moran] received a text message from the Defendant at the same number" (*id.* at PageID.5–6).

According to the Complaint, the text message does not identify Defendant's full name, providing "geographic location information" instead (*id.* at PageID.7–8).  Moran alleges that Defendant's telephone carrier offered "Caller ID," or "CNAM," functionality, but Defendant elected not to use that technology to transmit its name to her in connection with its telemarketing calls (*id.*; *see also id.* at PageID.12 (alleging that Defendant made telemarketing calls and texts without "transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, by calling without transmitting [relevant information], or by calling while transmitting non-compliant [information]")).

Moran alleges that Defendant violated the TCPA's distinct Do Not Call Registry and Caller ID requirements, and she seeks to represent two putative classes that were allegedly harmed by similar violations (Compl., ECF No. 1 at PageID.8–10 ("Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.")).

### B.  Procedural Posture

Moran filed the Complaint on November 10, 2025 (Compl., ECF No. 1).  Defendant moved to dismiss on January 5, 2025 (Mot. & Mot. Br., ECF Nos. 7 & 8).  Moran filed a response in opposition on February 4, 2025 (Opp., ECF No. 13).  Defendant filed a belated reply in support of the motion to dismiss on February 23, 2026, and the Court will exercise its discretion to consider this reply (Reply, ECF No. 14).  Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented.  *See* W.D. Mich. LCivR 7.2(d).

## II.  MOTION STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 12(b)(6), in turn, authorizes the court to dismiss a claim for relief in any pleading if it "fail[s] to state a claim upon which relief can be granted[.]"  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Although the plausibility standard is not equivalent to a "'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In deciding a motion to dismiss for failure to state a claim, the court must construe a complaint in the light most favorable to the non-movant and accept all well-pleaded factual

allegations in the complaint as true.  *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss for failure to state a claim, the Court generally does not consider matters outside the pleadings unless the Court treats the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *see also* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) ("[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'") (cleaned up and emphasis in original).

### III.  ANALYSIS

Defendant's motion to dismiss advances three primary arguments.  First, Defendant argues that Count One, which alleges a violation of the TCPA and its implementing regulations associated with the National Do Not Call Registry, fails as a matter of law because Moran consented to the communications in question (Mot. Br., ECF No. 8 at PageID.41–42).  Second, Defendant argues that Count Two, which alleges a violation of the TCPA and its implementing regulations associated with Caller ID, fails as a matter of law because the regulation at issue does not apply to text messages and because it lacks a private right of action (*id.* at PageID.35–40).  Third, Defendant argues that Moran's allegation of "one phone call and a follow up text message" fails to establish

"numerosity" as required by Federal Rule of Civil Procedure 23 (*id.* at PageID.41).  For the reasons stated below, the Court concludes that each of these arguments lacks merit.[1]

### A.  Count One

Defendant argues that Count One, which alleges a violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) (setting forth requirements associated with the National Do Not Call Registry), fails as a matter of law because Moran consented to the communication in question (Mot. Br., ECF No. 8 at PageID.41–42).  According to Defendant, the TCPA exempts "certain calls" premised on a "person's prior express invitation or permission" or based on an "established business relationship" between the parties to the communication (Mot. Br., ECF No. 8 at PageID.42).  Defendant submits two exhibits not included in the Complaint—consisting of an audio recording transcript and a text message—and argues that the Court should rely on these exhibits to dismiss Count One (*see id.*; Exs. A & B to Mot. Br., ECF No. 8 at PageID.44–49).

Moran responds that "under the TCPA, consent is an *affirmative defense* that a plaintiff is *not* required to plead in order to assert a *prima facie* case at the pleadings stage for violations of the TCPA" (Opp., ECF No. 13 at PageID.70 (emphasis in original), citing *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2024 WL 4299564, at *6 (E.D. Mich. Sept. 26, 2024) ("[C]onsent is an affirmative defense that a plaintiff is not required to plead in order to assert a TCPA claim.") (collecting relevant federal authorities)).

---

[1] Moran notes that Defendant has lifted verbatim whole paragraphs, including much of Defendant's substantive legal analysis, from the brief filed by the defendant in *Newell v. JR Capital, LLC. See* 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025); *Newell v. JR Cap., LLC*, Case No. 25-cv-1419, Def. Mot. to Dismiss, ECF No. 14 (E.D. Pa. April 21, 2025).  The district court in *Newell* rejected the arguments advanced in the brief from which Defendant has copied its arguments, but in the motion to dismiss briefing at bar, Defendant declines to acknowledge that district court's ruling or explain how the court erred (*see generally* Mot. Br., ECF No. 8).

Moran's Complaint expressly alleges that "[a]t no point has the Plaintiff consented to receive telemarketing calls regarding the pre-recorded call or text message at issue" (Compl., ECF No. 1 at PageID.4).  Moran further alleges that she "never provided her consent or requested the call or text message" (*id.* at PageID.8).  Based on the foregoing facts, the Court declines Defendant's invitation to consider materials outside the pleadings in connection with the Rule 12(b)(6) motion at bar, and Defendant's argument fails.  *See Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) ("It is well established that a [d]istrict [c]ourt has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.").  The Court expresses no opinion on whether Defendant may be able to establish this affirmative defense at summary judgment or trial.

### B.  Count Two

Defendant argues that Count Two, alleging a violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1601(e) (setting forth Caller ID requirements), fails for two reasons.  First, Defendant argues that "§ 64.1601 does not apply to wireless communications like the text messages challenged here" (Mot. Br., ECF No. 8 at PageID.34–36).  Second, Defendant argues that there "is no private right of action for a violation of 47 CFR [64.1601]" (*id.* at PageID.36–40).  Both arguments lack merit.

### 1.  Defendant's Argument that Section 64.1601(e) Does Not Apply to Text Messages Fails

Defendant argues that Section 64.1601(e)'s Caller ID requirements do not apply to text messages (*see* Mot. Br., ECF No. 8 at PageID.34–36).  Defendant does not cite applicable federal case law to support this argument (*see id.*).  Defendant's failure on this point amounts to waiver. *See Am. Elec. Power Serv. Corp. v. Fitch*, No. 22-3005, 2022 WL 3794841, at *6 (6th Cir. Aug. 30, 2022) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.").

Moran, on the other hand, argues that *Newell* is the leading federal case on this subject and requests that the Court adopt its reasoning (Opp., ECF No. 14 at PageID.58–63). *Newell* analyzed Section 64.1601, relevant Federal Communications Commission guidance, and other applicable authorities before concluding that "telemarketing text messages must comply with § 64.1601(e)'s caller ID requirements." *See Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 583–84 (E.D. Pa. 2025); *accord Weingrad v. DaBella Exteriors, LLC*, No. 3:25-CV-396-SI, 2026 WL 496609, at *3 (D. Or. Feb. 23, 2026) (applying 47 C.F.R. § 64.1601(e)'s requirements to text messages in a TCPA action); *Novia v. Mobiz, Inc.*, No. 25-CV-11036-AK, 2026 WL 752181, at *3 (D. Mass. Mar. 17, 2026) (same). Given *Newell*'s persuasive force, and given Defendant's failure to develop a contrary argument, the Court concludes that "telemarketing text messages must comply with § 64.1601(e)'s caller ID requirements." *See Newell*, 791 F. Supp. 3d at 583–84; *accord Weingrad*, 2026 WL 496609 at *3; *Novia*, 2026 WL 752181 at *3.

Defendant also raises a cursory argument that "even if section 64.1601(e) could apply to text messages, Moran has not alleged that the text messages she received failed to include the information required under section 64.1601(e)" (Mot., ECF No. 8 at PageID.36). But Moran has alleged with particularity that Defendant did not transmit the Caller ID information required by the TCPA and its implementing regulations (Compl., ECF No. 1 at PageID.5–8, 11–12), and she has identified applicable federal authorities supporting her position (*see* Opp., ECF No. 13 at PageID.60–63). Defendant fails to respond to these arguments and authorities in Defendant's reply brief. *See* Reply, ECF No. 14 at PageID.74–76; *Am. Elec. Power Serv.*, 2022 WL 3794841 at *6 (addressing waiver). The Court concludes that Defendant's argument lacks merit.

**2.  Defendant's Argument Regarding Section 64.1601(e)'s Private Right of Action Fails**

Defendant argues that Count Two fails as a matter of law because Section 64.1601(e) "does not include a private right of action" under the TCPA's statutory scheme (Mot. Br., ECF No. 8 at PageID.36–40, citing *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd as to default judgment ruling*, 678 F. App'x 165 (4th Cir. 2017); *cf. Newell*, 791 F. Supp. 3d at 575 ("Not every violation of the TCPA gives rise to a private cause of action. When a regulation is invoked as the source of a claim, the existence of a private right of actions depends on which section of the statute provided the legal authority for issuance of the regulation."). Moran responds that the authorities on which Defendant relies are outdated and lack persuasive value (*see* Opp., ECF No. 13 at PageID.63–67). She argues that the Court should rely on more recent case law that concludes Section 64.1601(e) may be enforced through a private right of action (*see id.*, collecting applicable federal authorities).

Judge Stephen J. Murphy of the Eastern District of Michigan recently provided an extended analysis of whether Section 64.1601(e) is associated with a private right of action. *See Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 375–80 (E.D. Mich. 2025). Judge Murphy examined the split in authority referenced by Moran. *See id.* He noted that an older line of cases, tracing its source to *Worsham v. Travel Options, Inc.,* concluded that Section 64.1601(e) does not include a private right of action. *See Travel Options,* 2016 WL 4592373 at *4 (expressing uncertainty as to "whether a violation of § 64.1601(e) falls within the private right of action granted by [47 U.S.C. § 227] subsection b or subsection c"); *Selectquote*, 773 F. Supp. 3d at 377. A number of subsequent district court decisions cited *Travel Options* with approval, including several from the Eastern District of Michigan, but these decisions largely accepted *Travel Options*' conclusion

without performing their own analysis. *See Selectquote*, 773 F. Supp. 3d at 379 (noting that these

"other cases add little because they largely rely on *Travel Options* or on each other").

Judge Murphy, on the other hand, conducted a methodical analysis of the TCPA's relevant

statutory provisions and noted that 47 U.S.C. § 227(c) authorizes "the FCC [to] make rules to

protect privacy rights and lets consumers sue when telemarketers violate those rules." *Id.* at 378–

80.  Given that Section 64.1601(e)'s Caller ID requirement "is a rule that helps protect privacy

rights," the private right of action set forth in "§ 227(c)(5) is, therefore, available for violations of

§ 64.1601(e)." *Id.* at 380.  *Newell*—discussed by the Court above—reached the same conclusion,

citing Judge Murphy's analysis and explaining as follows:

> In § 227(c), Congress specifically ordered the FCC to evaluate the use of "network technologies" and other methods and procedures to protect residential telephone subscribers' privacy rights, and to prescribe regulations implementing the methods and procedures it deemed appropriate. The FCC obeyed Congress's § 227(c) directive, assessing the feasibility of caller ID as a network technology in 1992 and 2003. And in 2003, the FCC determined that caller ID was at last an achievable requirement and promulgated § 64.1601(e), requiring telemarketers to use caller ID. Based on this history, a violation of § 64.1601(e) is clearly a violation of regulations prescribed under § 227(c). And because Congress expressly and unequivocally created a private cause of action "based on a violation of the regulations prescribed under § 227(c)," there is a private cause of action to enforce violations of § 64.1601(e). 47 U.S.C. § 227(c)(5).

*Newell*, 791 F. Supp. at 582 (cleaned up).[2]

---

[2] Defendant, in one of the sections of the motion at bar that was not copied verbatim from the defendant's brief in *Newell*, argues that Judge Murphy's "analysis of the timing of the [relevant TCPA] regulations and statutes is flawed" because "47 USC 227(c) . . . did [not] exist at the time 47 CFR § 64.1601(e) took effect" (Mot. Br., ECF No. 8 at PageID.40).  This argument contradicts Defendant's statement a few lines earlier—this one copied verbatim from the briefing in *Newell*—that "it is possible that the FCC issued section 64.1601(e) under 47 USC § 227(c)'s general instruction regarding the enforcement of 'privacy rights'" (*id.* at PageID.39).  Both *Newell* and Moran's opposition establish that Defendant misunderstands the relevant timeline, and Defendant appears to abandon this argument in the reply (*see* Reply, ECF No. 14 at PageID.74–75).

According to Moran, after Judge Murphy issued his decision in *Selectquote*, "every single court to consider a Section 64.1601(e) caller ID claim has held that there is a private right of action for violations thereof," including a number of courts from the Eastern District of Michigan, which had previously followed *Travel Options* (Opp., ECF No. 13 at PageID.63).[3]  Defendant does not meaningfully dispute this characterization of the case law (*see generally* Reply, ECF No. 14).

Based on an independent review of the TCPA's relevant statutory provisions, the Court concludes that the analysis set forth in *Selectquote* and *Newell* is more persuasive than the reasoning set forth in *Travel Options*.  *Accord Barton*, 2025 WL 2880136 at *6 ("[T]he Court finds more persuasive [*Selectquote*] and *Newell*" on the question of "whether § 64.1601(e) confers a private right of action").  The Court also notes that in 47 U.S.C. "§ 227(c), Congress specifically ordered the FCC to evaluate the use of 'network technologies' and other methods and procedures to protect residential telephone subscribers' privacy rights," and Section "64.1601(e), requiring telemarketers to use caller ID," is a regulation that enhances consumer privacy rights.  *See Newell*,

---

[3]  *Accord Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *8 (E.D. Mich. Aug. 21, 2025) ("Finding Judge Murphy's reasoning persuasive, this Court concludes that § 64.1601(e)(1), through § 227(c)(5)(B), provides a private right of action."); *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025) (citing *Selectquote* and declining to conclude "there is no private right of action for alleged violations of § 64.1601(e)"); *Newell*, 791 F. Supp. 3d at 579 (citing *Selectquote* and noting that *Travel Options* "does not grapple with [the] issues [identified by Judge Murphy], but attempts instead to have § 64.1601(e) straddle two sections of the statute, an outcome for which I can discern no legal authority. The regulation fits comfortably within § 227(c), which supports the existence of a private right of action"); *Barton v. Bright Solar Marketing LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136, at *5 (W.D. Wash. Oct. 9, 2025) (concluding that a private right of action exists based on Judge Murphy's analysis that the "question with respect to § 64.1601(e) was not whether courts should imply or create a right of action, but whether as a matter of textual interpretation, § 64.1601(e) falls within the scope of an express cause of action that Congress has already created . . . the court concluded only 47 U.S.C. § 227(c) could have been used to promulgate § 64.1601(e) because it was unclear from where in [47 U.S.C. § 227's other] subsections the FCC gained authority to create a blanket requirement applying to all calls including those that do not relate to automatic dialing, fax machines, or artificial or prerecorded messages.").

791 F. Supp. 3d at 582; *cf. Travel Options,* 2016 WL 4592373 at *4 (acknowledging that "the FCC's rule in § 64.1601(e) appears to support consumers' enforcement efforts under the TCPA's subsection c"). *Travel Options*—unlike *Selectquote* and *Newell*—arguably interprets Section 64.1601(e) to conflict with Section 227 in a way that "thwarts" an enforcement mechanism Congress implemented to further consumer privacy rights. *See Progressive Corp. & Subsidiaries v. United States*, 970 F.2d 188, 192–93 (6th Cir. 1992) (informing district courts that "[w]herever possible, courts should read regulations to be consistent with the statutes that authorize them, and a construction that thwarts the statute which the regulation implements is impermissible").[4] For this reason, and for the independently sufficient reasons set forth in *Selectquote* and *Newell*, the Court rejects Defendant's argument that Section 64.1601(e) lacks a private right of action.

### C.  Defendant's "Numerosity" Argument Lacks Merit

Defendant argues that Moran's allegation of "one phone call and a follow up text message" fails to establish "numerosity" (Mot. Br., ECF No. 8 at PageID.41).  Defendant presents this argument through a single paragraph in the Rule 12(b)(6) motion at bar, rather than through a separate motion to strike brought under Rule 23(c)(1)(A) & (d)(1)(D).[5]  Moran responds that Defendant's argument is "confusing" and, "as best [Moran] can ascertain, attempts to dismiss the

---

[4] Defendant appears to argue that *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), abrogated the basic canon of statutory and regulatory construction directing courts to "interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole." *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).  But this canon is separate and distinct from judicial deference to an agency's legal interpretations. *Cf. Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *9 (6th Cir. May 11, 2026) (applying the above-quoted section of *Brown & Williamson Tobacco Corp.*).

[5] *See Pilgrim v. Universal Health Card*, 660 F.3d 943, 949 (6th Cir. 2011) (separately analyzing a Rule 12(b)(6) motion and a motion to strike class allegations); *Oliver v. Navy Fed. Credit Union*, 167 F.4th 106, 112 (4th Cir. 2026) (questioning whether a motion to strike class allegations is properly brought under Rule 12 and reversing a district court for "acting prematurely in denying class certification and dismissing the class aspect of a case before discovery had occurred").

class claims on the basis that the class is not sufficiently numerous because [Moran] pleads only the receipt of two calls" (Opp., ECF No. 13 at PageID.68).  Moran argues that Defendant misapprehends the test for numerosity and that Defendant's argument is premature (*id.*).

Courts within the Sixth Circuit "have repeatedly held . . . that courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."  *See Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244–45 (S.D. Ohio 2017) (collecting federal authorities).  And federal district courts around the country "routinely permit precertification discovery of call lists and call data in TCPA class actions."  *See, e.g., Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *4 (N.D. Tex. Jan. 21, 2022) (collecting federal authorities); *accord Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (concluding that the plaintiff in a putative TCPA class action was "entitled to some class-wide discovery" at the precertification stage and further concluding that call logs and other documents concerning prerecorded messages were relevant to issues of numerosity and commonality).

The Court concludes that it would be premature to strike Moran's class allegations based on the cursory argument appended to the Rule 12(b)(6) motion at bar, in the absence of briefing on a separate motion to strike and in light of Moran's allegations asserting her need for discovery related to "Defendant's . . . phone records, and phone number databases" (Compl., ECF No. 1 at PageID.9).  *See Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) (noting that class action "[m]aintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide"); Wright & Miller, 7AA Fed. Prac. & Proc. Civ.

§ 1785.3 (3d ed.) ("As a practical matter, the court's determination under [Rule 23(c)(1)] usually should be predicated on more information than the complaint itself affords" and noting that courts often delay the determination if "discovery would be useful or is necessary in making that determination").  The Court declines to strike Moran's class allegations at this time.

## IV.  CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (ECF No. 7) is DENIED.

**IT IS FURTHER ORDERED** that Defendant shall file an answer to the Complaint not later than June 11, 2026.

Dated:  May 27, 2026                         /s/ Jane M. Beckering
                                             JANE M. BECKERING
                                             United States District Judge