## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TRINITY MORAN, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| INSURANCE PROTECTION SPECIALISTS | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |
| | : | |
| _____/ | | |

Plaintiff Trinity Moran (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. The TCPA prohibits making calls to numbers on the Do Not Call Registry because telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. Id...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that the Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.    Plaintiff Trinity Moran is an individual located in Chippewa County in the Western District of Michigan

6.    Defendant Insurance Protection Specialists, LLC is a Florida company that makes telemarketing calls into this District.

## JURISDICTION AND VENUE

7.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

8.    This Court has personal jurisdiction over Defendant because it directed its conduct into this state by calling individuals with 906- area codes.

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the case, namely, the illegal telemarketing conduct, occurred here because the calls were directed into this State.

## TCPA BACKGROUND

The National Do Not Call Registry

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

13.    The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14.    The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15.    The regulations also require any caller identification information to "include either CPN or ANI" and "permit any individual to make a do-not-call request during regular business hours." *Id.*

16.    A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

17.    The Eastern District of Michigan recently confirmed that there is a private right of action for violations of this provision. *Id.*; *Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *7-*8 (E.D. Mich. Aug. 21, 2025).

## FACTUAL ALLEGATIONS

18.    Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

19.    Defendant is a limited liability company based in Florida.

20.    At no point has the Plaintiff consented to receive telemarketing calls regarding Defendant's goods or services prior to receiving the pre-recorded call or text message at issue.

4

21. Plaintiff's cellular telephone number is (906) XXX-XXXX.

22. That cellular telephone number is a residential telephone line used by Plaintiff for personal calls, such as for communicating with friends, family, relatives, acquaintances, and conducting personal residential chores and tasks.

23. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

24. The telephone number is not associated with a business.

25. Plaintiff's number was on the National Do Not Call Registry since 2023, well before the calls at issue.

26. Despite that, Plaintiff received at least one call and one text message from the Defendant on March 22, 2025.

27. Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

28. The call occurred on March 22, 2025 at 10:33 a.m. from Defendant at (989) 572-0406.

29. The purpose of the call was to attempt to sell the Plaintiff final expense insurance coverage.

30. The Plaintiff was not interested, so she hung up.

31. Minutes later at 10:37 a.m., Plaintiff received a text message from the Defendant at the same number, as reproduced below:



32.     This number is the Defendant's number because the text message reproduced above explicitly states that the caller is April Lau from "IPS," which, when the link is clicked, leads to Defendant's website.

33.     One of the Defendant's websites is "ipsagents.com," and explicitly states on the bottom of the website that the website is "Copyright 2012 to 20255 | Insurance Protection Specialists, LLC."

34.     The calls all came from the following number, and transmitted the caller ID, in the form of both CPN and ANI as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendants' calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 9895720406 | Y | MT PLEASANT MI | Bandwidth |

35.     AS the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Bandwidth, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

36.     Bandwidth provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Bandwidth's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

37.    The Plaintiff never provided her consent or requested the call or text message.

38.    The call and text message were unwanted, nonconsensual encounters.

39.    Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, storage space, wear and tear, and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action on behalf of herself and the following classes pursuant to Federal Rule of Civil Procedure 23.

41.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation call from any Defendant (or an agent acting on behalf of Defendant) (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

42.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the Class members.

8

43.    Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44.    Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45.    This Class Action Complaint seeks injunctive relief and money damages.

46.    The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

47.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

48.    The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

49.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) Whether the Defendant called numbers on the National Do Not Call Registry;

(b) whether Defendant called numbers with accurate Caller ID information as required by law;

(c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Classes.

52. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

54. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do
Not Call Registry Class)**

55. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency

purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

57.    Defendant's violations were negligent, willful, or knowing.

58.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

59.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

60.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

62.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

63. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, by calling without transmitting CPN or ANI, or by calling while transmitting non-compliant CPN or ANI.

64. These violations were willful or knowing.

65. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

66. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

An order certifying this action to be a proper class action pursuant to Federal Rule of

Civil Procedure 23, establishing such Classes the Court deems appropriate, finding that Plaintiff

is a proper representative of the Classes, and appointing the lawyers and law firms representing

Plaintiff as counsel for the Classes;

Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: November 10, 2025 

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*