**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

TRINITY MORAN, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

INSURANCE PROTECTION SPECIALISTS,

     Defendant.

CIVL ACTION NO.

2:25-cv-00258

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

---

Defendant, INSURANCE PROTECTION SPECIALISTS, file this answer to Plaintiff's Complaint – Class Action:

1. In response to paragraph 1, Defendant admits that Plaintiff's historical synopsis of the legislation is accurate.

2. In response to paragraph 2, Defendant denies the allegations in the paragraph as it contains multiple inaccuracies or misleading statements such as asserting that initiating "any outbound telephone call to a person when . . . [t]hat person's telephone number is on the 'do-not-call' registry" is abusive. Under the Law, many calls initiated to such a number are not at all abusive, such as responding to a person's inquiry, are excepted from being abusive under the law.

3. In response to paragraph 3, Defendant admits that Plaintiff has brought this action under the TCPA, but denies that it has violated the TCPA.

4.  In response to paragraph 4, Defendant admits that this action was brought on behalf of a putative nationwide class but denies that a class should be certified here and denies that any illegal telemarketing calls were made.

**Parties**

5.  In response to paragraph 5, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

6.  Plaintiff admits that they are an Florida based Limited Liability Company and that when requested by individuals in the District may call into this District.

**Jurisdiction and Venue**

7.  In paragraph 7 of the complaint, Plaintiff alleges legal conclusions about subject matter jurisdiction for which no response is required. Defendant, however, denies that Plaintiff has suffered sufficient actual injury under Article III for subject matter jurisdiction.

8.  In response to paragraph 8, Defendant admits that it makes phone calls into the State of Michigan when requested by a resident of Michigan. With respect to the remaining allegations of paragraph 8, Plaintiff alleges legal conclusions about personal jurisdiction for which no response is required. However, Defendant denies that this Court has sufficient personal jurisdiction over the claims of putative class members who did not receive calls within the state of Michigan.

9.  In response to Paragraph 9, Defendant admits that it made calls to an individual located in the District. With respect to the remaining allegations of paragraph 8, Plaintiff alleges legal conclusions for which no response is required and Defendant denies that venue is appropriate with respect to the claims of putative class members who did not receive calls within this District.

**TCPA Background**

10. In response to paragraph 10, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

11. In response to paragraph 11, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

12. In response to paragraph 12, Plaintiff denies this allegation as it states an incorrect or misleading conclusion of the lie by omitting pertinent exceptions to such prohibitions.

13. In response to paragraph 13, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

14. In response to paragraph 14, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

15. In response to paragraph 15, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

16. In response to paragraph 16, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

17. In response to paragraph 17, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

**Factual Allegations**

18. In response to paragraph 18, Defendant admits that Plaintiff is a person.

19. Defendant admits that they are a limited liability company based in Florida.

20. In response to paragraph 20, Defendant denies the allegation as untrue.

21. In response to paragraph 21, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

22. In response to paragraph 22, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

23. In response to paragraph 23, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

24. In response to paragraph 24, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

25. In response to paragraph 25, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

26. In response to paragraph 26, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.

27. In response to paragraph 27, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

28. In response to paragraph 28, Defendant admits that such a call occurred. However, Defendant further states that the call was in response to an inquiry made by Plaintiff.

29. In response to paragraph 29, Defendant admits the purpose of the call.

30. In response to paragraph 30, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

31. In response to paragraph 31, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.

32. In response to paragraph 32, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.

33. In response to paragraph 33, Defendant admits that "ipsagents.com" is their website.

34. In response to paragraph 34, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.

35. In response to paragraph 35, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

36. In response to paragraph 36, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

37. In response to paragraph 37, Defendant denies the allegations as untrue. Plaintiff requested a call on February 28, 2025.

38. In response to paragraph 38, Defendant denies the allegations as untrue. Plaintiff requested a call on February 28, 2025.

39. In response to paragraph 39, Defendant denies the allegations as untrue.

### Class Action Allegations

40. In response to paragraph 40, Defendant admits that Plaintiff brings this action on behalf of a purported class but denies that a class should be certified here.

41. In response to paragraph 41, Defendant admits that Plaintiff proposes to define a purported class but denies that a class should be certified here.

42. In response to paragraph 42, Defendant admits that Plaintiff proposes to represent a purported class but denies that a class should be certified here.

43. In response to paragraph 43, Defendant admits that Plaintiff purports to exclude certain individuals from the "class" but denies that any such class exists.

44. In response to paragraph 44, Defendant denies the allegations as untrue.

45. In response to paragraph 45, Defendant admits that Plaintiff seeks injunctive relief and money damages for the class but denies that any such class exists or damages are dued/owed.

46. In response to paragraph 46, Defendant denies the allegations as untrue.

47. In response to paragraph 47, Defendant denies the allegations as untrue.

48. In response to paragraph 48, Defendant denies the allegations as untrue.

49. In response to paragraph 49, Defendant denies the allegations as untrue.

50. In response to paragraph 50 and subparagraphs a-e, Defendant denies the allegations as untrue.

51. In response to paragraph 51, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

52. In response to paragraph 52, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.

53. In response to paragraph 53, Defendant denies the allegations as untrue.

54. In response to paragraph 54, Defendant denies the allegations as untrue.

## Causes of Action

### First Cause of Action

55. Though no response is required to paragraph 55, Defendant incorporates its previous responses.

56. In response to paragraph 56, Defendant denies the allegations as untrue.

57. In response to paragraph 57, Defendant denies the allegations as untrue.

58. In response to paragraph 58, Defendant denies the allegations as untrue.

59. In response to paragraph 59, Defendant denies the allegations as untrue.

### Second Cause of Action

### Violations of the TCPA, 47 U.S.C. § 227

60. Though no response is required to paragraph 60, Defendant incorporates its previous responses.

61. In response to paragraph 61, Defendant denies the allegations as untrue.

62. In response to paragraph 62, Plaintiff alleges legal conclusions about the TCPA for which no response is required.

63. In response to paragraph 59, Defendant denies the allegations as untrue.

64. In response to paragraph 59, Defendant denies the allegations as untrue.

65. In response to paragraph 59, Defendant denies the allegations as untrue.

66. In response to paragraph 59, Defendant denies the allegations as untrue.

### Prayer for Relief

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the complaint, including without limitations, the relief sought in the WHEREFORE clause.

## Jury Demand

Defendant acknowledges that Plaintiff demands a trial by jury but does not respond to Plaintiff's legal conclusion that she is entitled to one.

## Affirmative Defenses

### Subject Matter Jurisdiction

1. The Court lacks subject matter jurisdiction in part because Plaintiff has not suffered sufficient actual injury-in-fact for standing under Article III of the U.S. Constitution.

### Personal Jurisdiction

2. The Court lacks sufficient personal jurisdiction over the claims of unnamed putative class members. This is because there is no general jurisdiction over Defendant in Michigan and there is insufficient specific jurisdiction over unnamed putative class members who received calls outside of Michigan.

### Venue

3. Plaintiff's claims are barred due to improper or inconvenient venue.

### No Use of Prerecorded or Artificial Voice

4. No calls were made using an artificial or prerecorded voice.

### Abstention

5. The Court should abstain from adjudicating Plaintiff's claims.

### Preemption

6. Plaintiff's claims are preempted.

**No Ratification**

7.  Defendant did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

**Fault of Third Parties**

8.  Third parties to this action caused or contributed to Plaintiff's damages.

**Standing**

9.  Plaintiff lacks standing because she was also not the actual individual who registered her phone number on the National Do-Not-Call Registry.

**Established Business Relationship**

10. Plaintiff is barred from recovering because she conducted a financial transaction or purchased, rented, or leased goods or services within 18 months of the calls at issue.

**Established Business Relationship**

11. Plaintiff is barred from recovering because she made an inquiry or application with Defendant within three months of the calls at issue.

**Reasonable Practices and Procedures**

12. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA and its regulations.

**Not A Residential Telephone Subscriber**

13. Plaintiff is not a "residential telephone subscriber" within the meaning of the TCPA and its regulations and/or she did not receive the calls at issue on her "residential" phone line.

**No Telephone Solicitation**

14. Defendant did not initiate a "telephone solicitation" to Plaintiff.

**31-Day Grace Period**

15. The calls at issue were made within the 31-day grace period after the phone number at issue was registered on the National Do Not Call registry.

**No More Than One Call During A 12-Month Period**

16. Defendant did not make more than one call to Plaintiff during a 12-month period.

**Prior Express Consent**

17. Plaintiff—or her agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient "prior express consent" or express permission for any calls.

**Unclean Hands**

18. The doctrine of unclean hands bars Plaintiff from recovering.

**Failure to State a Claim**

19. Plaintiff's complaint fails to state a claim for relief.

**FCC Primary Jurisdiction**

20. The FCC has primary jurisdiction regarding some or all of the issues in dispute in this matter.

**Constitutional Defense**

21. Plaintiff's claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment.

**No Use of ATDS**

22. No calls were made using an "Automatic Telephone Dialing System" within the meaning of the Telephone Consumer Protection Act ("TCPA").

**No Class Action**

23. Class treatment is inappropriate due to lack of commonality, typicality, and adequacy, and because a class action is not otherwise a superior method of adjudicating this dispute. Further, Plaintiff waived class treatment of her claims.

### Lack of Intent/Good Faith

24. Defendant acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

### Waiver

25. The doctrine of waiver bars Plaintiff from recovering.

### Estoppel

26. The doctrine of estoppel bars Plaintiff from recovering.

### Fault of Plaintiff

27. Plaintiff, by her own conduct, caused or contributed to her damages.

### Failure to Mitigate

28. Plaintiff has failed to mitigate her damages.

### No Knowing or Willful Misconduct

29. Any conduct or violation by Defendant was not knowing or willful.

### No Proximate Cause

30. Defendant did not proximately cause any damages, injury, or violation alleged in the complaint.

### No Statutory Damages/Due Process

31. Plaintiff's statutory damage claim fails to meet the requirements of the law, violates Defendant's due process rights protected by the U.S. Constitution, and violates the constitutional prohibition against excessive fines.

### Statute of Limitations

32. Plaintiff has failed to bring her claims within the statutory time limit required by the applicable statute of limitation.

### Laches

33. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

### Release

34. Defendant has been released of some or all obligations to Plaintiff.

### Privilege

35. Defendant's actions were privileged, and thus shielded from liability.

### Justification

36. Defendant's actions were justified, and thus shielded from liability.

### Misjoinder of Parties

37. Plaintiff has failed to join an indispensable party.

### De Minimus Harm

38. The contribution of Defendant to Plaintiff's alleged harm, if any, was de minimus.

### Lack of Capacity

39. Plaintiff lacks the legal capacity to bring this complaint.

**Res Judicata**

40. There has been an adjudication between substantially the same parties of the same cause of action brought in the present action.

**Collateral Estoppel**

41. There has been an adjudication between substantially the same parties regarding the same or similar issues and facts raised in the present action.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

## PRAYER FOR RELIEF

Defendant prays for relief as follows:

1. That Plaintiff take nothing by reason of her complaint;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its reasonable costs and, if applicable, fees; and

4. That Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: June 9, 2026

COLLIS, GRIFFOR & HENDRA, PC

By */s/ Stuart M. Collis*
Stuart M. Collis (P49530)
1851 Washtenaw Ave.
Ypsilanti, MI 48197
Telephone: (734) 827-1337
scollis@collisandgriffor.com

*Attorneys for Defendant*