UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TRINITY MORAN,                                    Case No. 2:25-cv-00258

               Plaintiff,              Hon. Jane M. Beckering
v.                                                U.S. District Judge

INSURANCE PROTECTION SPECIALISTS, LLC,

               Defendant.

_____/

## ORDER SETTING RULE 16 SCHEDULING CONFERENCE

**IT IS HEREBY ORDERED:**

1.    <u>Rule 16 Scheduling Conference</u>:  A scheduling conference pursuant to Fed. R. Civ. P 16 is hereby scheduled for **July 21, 2026, at 2:00 p.m.**, E.S.T.  This Conference will be conducted by video.

2.    <u>Matters to be Considered at the Scheduling Conference</u>:  The purpose of the scheduling conference is to review the joint status report and to explore methods of expediting the disposition of the action by:  establishing early and ongoing case management;  discouraging wasteful pretrial activities;  establishing limits on discovery, facilitating the settlement of a case;  establishing an early, firm trial date;  and improving the quality of the trial through thorough preparation.

3.    <u>Presumptive Limitations</u>:  In accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, the court requires the following, unless all parties stipulate, or a party demonstrates good cause for deviation:

        (a)    Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement.

(b)    Rule 26(a)(2) expert witness reports will be required before the close of discovery;

(c)    Interrogatories will be limited to 25 per side and depositions will be limited to 10 per side, each of no more than 7 hours duration.

If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures.  See Fed. R. Civ. P. 37(c)(1).

The Court normally allows six months for discovery but will consider a shorter or longer period at the scheduling conference.

4.    <u>Meeting of Parties and Preparation of Joint Status Report</u>:  At least seven days before the Rule 16 conference, counsel (or unrepresented parties) shall meet to discuss the following:  the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below.  **Counsel for plaintiff** shall be responsible for scheduling the meeting, which may be conducted in person, by telephone or by video.  After the meeting, the parties shall prepare a joint status report which must be e-filed by **counsel for plaintiff**, by **<u>July 14, 2026</u>.**  The following form shall be used:

A Rule 16 Scheduling Conference is scheduled for [date and time], before the Hon. Maarten Vermaat, United States Magistrate Judge.  Appearing for the parties as counsel will be:

(List the counsel who will attend the scheduling conference.  Counsel for all parties and parties not represented by counsel must attend.  Parties who are represented are encouraged, but not required, to attend).

2

1)      Jurisdiction: The basis for the court's jurisdiction is: (Set forth a statement of the basis for the court's jurisdiction.    Indicate all objections.)

2)      Jury or Non-Jury:  This case is to be tried [before a jury/by the court as trier of law and fact].

3)      Judicial Availability: The parties [agree/do not agree] to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.  **[NOTE TO COUNSEL:** If the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and so state in the joint Status Report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(c).].

4)      Geographic Transfer:    The parties are advised of the possibility, pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses.  Reassignment of the action shall be at the discretion of the court and shall require the consent of all parties and of both the transferor and transferee judge.  The parties shall advise whether a transfer for geographic convenience is warranted in this case.

5)      Statement of the Case:  This case involves:

(Set forth a brief description of the claims and defenses, sufficient to acquaint the court with the general nature of the case as well as the factual and legal issues requiring judicial resolution.)

(In ERISA denial of benefits cases: Please include whether or not there is a procedural challenge to the administrator's decision, such as lack of due process afforded by the administrator or bias on the part of the administrator. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998.)

6)      Pendent State Claims:  This case [does/does not] include pendent state claims.

3

(If pendent state claims are presented, include a statement describing such claims, and all objections to the court retaining the pendent claims.)

7)    Joinder of Parties and Amendment of Pleadings:    The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

8)    Disclosures and Exchanges:

(I)  Fed.R. Civ.P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection.  If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference.  In the absence of an objection, initial disclosures will be required of all parties.    (Set  forth  below  a  proposed  schedule  for  initial disclosures.)

(ii)  [*Use only if Rule 26(a)(1) disclosures are objected to.*]  The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendant by _____.  The defendant  expects  to  be  able  to  furnish  the  names  of  the defendant's known lay witnesses to the plaintiff by _____.

(iii)  [*Use only if Rule 26(a)(1) disclosures are not required.*]  The plaintiff expects to be able to furnish the names of plaintiff's expert witness by _____.  Defendant expects to be able to furnish the names of defendant's expert witnesses by _____.

(iv) It would (would not) be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).  Reports, if required, should be exchanged according to the following schedule:  (Set forth the proposed schedule for exchange of expert witness reports.)

(v) The parties have agreed to make available the following documents without the need of a formal request for production:

From plaintiff to defendant by _____.  (Describe documents).

From defendant to plaintiff by _____.  (Describe documents).

- OR -

The parties are unable to agree on voluntary production at this time.

9)    Discovery:    The parties believe that all discovery proceedings can be completed by _____.  The parties recommend the following discovery plan:

(As required by Fed.R.Civ.P. 26(f), set forth proposed plan of discovery, including subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on certain issues.  Also set forth any recommendations as to limitations on discovery. Limitations may include the number of depositions, interrogatories and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings.    State whether the presumptive time limits for depositions (one day of seven hours) should be modified in this case.  Fed. R. Civ. P. 30(d)(1).)

10)    Disclosure or Discovery of Electronically Stored Information:
The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

(State whether any party has electronically stored information that will be subject to disclosure or discovery and set forth any proposals concerning the form of production.)

11)    Assertion of Claims of Privilege or Work-Product Immunity After Production:

(State whether the parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.)

12)     Motions:  The parties acknowledge that W.D. Mich. LCivR 7.1(d)  requires the moving party to ascertain whether the motion will be opposed.  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

> The following dispositive motions are contemplated by each party: (Set forth all contemplated dispositive motions.)

> The parties anticipate that all dispositive motions will be filed by _____.

13)     Alternative Dispute Resolution:  The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

> (Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Indicate what discovery, if any, is needed prior to conducting ADR in order to make ADR most effective.   Indicate preferred time frame for conducting ADR. Methods used in this district include, but are not limited to, voluntary facilitative mediation (W.D. Mich. L. Civ. R.16.3), early neutral evaluation   (W.D. Mich. L.Civ.R.16.4), and case evaluation (MCR 2.403 and W.D. Mich. L.Civ.R. 16.5).)  For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the court's website: www.miwd.uscourts.gov.

14)     Length of Trial:  Counsel estimate the trial will last approximately _____ days total, allocated as follows: _____ days for plaintiff(s)' case, _____ days for defendant(s)'s case, _____ days for other parties.

15)     Prospects of Settlement:   The status of settlement negotiations is:

> (Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

6

16)     <u>Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must **file** documents electronically but **serve** *pro se* parties with paper documents in the traditional manner.

17)     <u>Other</u>:  Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

18)     <u>In ERISA denial of benefits cases</u>:  If there is no procedural challenge to the administrator's decision, please include a date by which the administrative record can be filed with the court.  If there is a dispute regarding what constitutes the administrative record, please so state and include the precise nature of the dispute.  Also, if there is no procedural challenge to the administrator's decision, please include a date by which the parties believe they will file briefs on the standard of review appropriate (*de novo* or arbitrary and capricious) and set forth your positions as to how the record and evidence meets the relevant standard.  The joint status report shall be approved by all counsel of record and by any party who represents him or herself.

5.     <u>Case Manager</u>:  Any questions concerning this Order or the scheduling conference should be directed to Judge Vermaat's chambers at 906-226-3854.

Dated:  June 16, 2026               /s/ *Maarten Vermaat*
                                      MAARTEN VERMAAT
                                      UNITED STATES MAGISTRATE JUDGE