### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRINITY MORAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>INSURANCE PROTECTION SPECIALISTS,<br><br>      Defendant. | CIVL ACTION NO.<br><br>2:25-cv-00258 |

### DEFENDANT'S 1ST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, INSURANCE PROTECTION SPECIALISTS, file this answer to Plaintiff's Complaint – Class Action:

1. The TCPA prohibits making calls to numbers on the Do Not Call Registry because telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms ' id. § 2(9).

   **In response to paragraph 1, Defendant admits that Plaintiff's historical synopsis of the legislation is accurate.**

2.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64. 1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add her number to the list. The TCP A then restricts the telephone solicitations that can be made to that number. See id; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to ... initiat[e] any outbound telephone call to a person when . .. [t]hat person's telephone number is  on the "do-not-call" registry, maintained by the Commission.') .. . Private suits can seek either monetary or injunctive relief. Id ... This private cause of action is a straightforward provision  designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643,649-50 (4th Cir. 2019).

**In response to paragraph 2, Defendant denies the allegations in the paragraph as it contains multiple inaccuracies or misleading statements such as asserting that initiating "any outbound telephone call to a person when . . . [t]hat person's telephone number is on the 'do-not-call' registry" is abusive. Under the Law, many**

**calls initiated to such a number are not at all abusive, such as responding to a person's inquiry, are excepted from being abusive under the law.**

3.  The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that the Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**In response to paragraph 3, Defendant admits that Plaintiff has brought this action under the TCPA, but denies that it has violated the TCPA.**

4.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCP A and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**In response to paragraph 4, Defendant admits that this action was brought on behalf of a putative nationwide class but denies that a class should be certified here and denies that any illegal telemarketing calls were made.**

## PARTIES

5.  Plaintiff Trinity Moran is an individual located in Chippewa County in the Western District of Michigan

**In response to paragraph 5, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

6.  Defendant Insurance Protection Specialists, LLC is a Florida company that makes telemarketing calls into this District.

**Plaintiff admits that they are an Florida based Limited Liability Company and that when requested by individuals in the District may call into this District.**

<u>**JURISDICTION AND VENUE**</u>

7.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

**In paragraph 7 of the complaint, Plaintiff alleges legal conclusions about subject matter jurisdiction for which no response is required. Defendant, however, denies that Plaintiff has suffered sufficient actual injury under Article III for subject matter jurisdiction.**

8.  This Court has personal jurisdiction over Defendant because it directed its conduct into this state by calling individuals with 906- area codes.

**In response to paragraph 8, Defendant admits that it makes phone calls into the State of Michigan when requested by a resident of Michigan. With respect to the remaining allegations of paragraph 8, Plaintiff alleges legal conclusions about personal jurisdiction for which no response is required. However, Defendant denies**

**that this Court has sufficient personal jurisdiction over the claims of putative class members who did not receive calls within the state of Michigan.**

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts and omissions giving rise to the case, namely, the illegal telemarketing conduct, occurred here because the calls were directed into this State.

**In response to Paragraph 9, Defendant admits that it made calls to an individual located in the District. With respect to the remaining allegations of paragraph 8, Plaintiff alleges legal conclusions for which no response is required and Defendant denies that venue is appropriate with respect to the claims of putative class members who did not receive calls within this District.**

## TCPA BACKGROUND

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

**In response to paragraph 10, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**In response to paragraph 11, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**In response to paragraph 12, Plaintiff denies this allegation as it states an incorrect or misleading conclusion of the lie by omitting pertinent exceptions to such prohibitions.**

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**In response to paragraph 13, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**In response to paragraph 14, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

15. The regulations also require any caller identification information to "include either ePN or ANI" and "permit any individual to make a do-not-call request during regular business

hours." Id.

**In response to paragraph 15, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

16. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(S)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**In response to paragraph 16, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

17. The Eastern District of Michigan recently confirmed that there is a private right of action for violations of this provision. Id. ; *Dobronski v. CHW Glp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *7-*8 (E.D. Mich. Aug. 21, 2025).

**In response to paragraph 17, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

## FACTUAL ALLEGATIONS

18. Plaintiff is a "person" as the term is defined by 47 U.S.C. § I53(39).

**In response to paragraph 18, Defendant admits that Plaintiff is a person.**

19. Defendant is a limited liability company based in Florida.

**Defendant admits that they are a limited liability company based in Florida.**

20. At no point has the Plaintiff consented to receive telemarketing calls regarding Defendant's goods or services prior to receiving the pre-recorded call or text message at issue.

**In response to paragraph 20, Defendant denies the allegation as untrue.**

21. Plaintiff s cellular telephone number is (906) XXX -XXXX.

**In response to paragraph 21, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

22. That cellular telephone number is a residential telephone line used by Plaintiff for personal calls, such as for communicating with friends, family, relatives, acquaintances, and conducting personal residential chores and tasks.

**In response to paragraph 22, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

23. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**In response to paragraph 23, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

24. The telephone number is not associated with a business.

**In response to paragraph 24, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

25. Plaintiffs number was on the National Do Not Call Registry since 2023, well before the calls at issue.

**In response to paragraph 25, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

26. Despite that, Plaintiff received at least one call and one text message from the Defendant on March 22,2025.

**In response to paragraph 26, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.**

27. Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

**In response to paragraph 27, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

28. The call occurred on March 22, 2025 at 10:33 a.m. from Defendant at (989) 572-0406.

**In response to paragraph 28, Defendant admits that such a call occurred. However, the call was made to a phone associated with "Mary Duran," not Trinity Moran. During that call, Defendant was informed that the caller that Mary Duran was not available. Defendant then received a text from (906) 322-2101 which stated, "I'm Mary who you spoke to earlier…"**

29. The purpose of the call was to attempt to sell the Plaintiff final expense insurance coverage.

**In response to paragraph 29, Defendant admits the purpose of the call.**

30. The Plaintiff was not interested, so she hung up.

**In response to paragraph 30, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

31. Minutes later at 10:37 a.m., Plaintiff received a text message from the Defendant at the same number, as reproduced below:

**In response to paragraph 31, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.**

32. This number is the Defendant's number because the text message reproduced above explicitly states that the caller is April Lau from "IPS," which, when the link is  clicked, leads to Defendant's website.

**In response to paragraph 32, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.**

33. One of the Defendant's websites is "ipsagents.com," and explicitly states on the bottom of the website that the website is "Copyright 2012 to 20255 I Insurance Protection Specialists, LLC."

**In response to paragraph 33, Defendant admits that "ipsagents.com" is their website.**

34. The calls all came from the following number, and transmitted the caller ID, in the form of both CPN and ANI as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendants' calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 9895720406 | Y | MT PLEASANT MI | Bandwidth |

**In response to paragraph 34, Defendant is conducting an internal investigation to determine whether the allegations in this paragraph are true. Until the investigation is completed, Defendant lacks sufficient information to form a belief as to the truth of the averments and, therefore, on that basis denies the allegations.**

35. AS the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Bandwidth, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

**In response to paragraph 35, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

36. Bandwidth provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Bandwidth's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

**In response to paragraph 36, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

37. The Plaintiff never provided her consent or requested the call or text message.

**In response to paragraph 37, Defendant denies the allegations as untrue. Plaintiff requested a call on February 28, 2025.**

38. The call and text message were unwanted, nonconsensual encounters.

**In response to paragraph 38, Defendant denies the allegations as untrue. Plaintiff requested a call on February 28, 2025.**

39. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, storage space, wear and tear, and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**In response to paragraph 39, Defendant denies the allegations as untrue.**

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and the following classes pursuant to Federal Rule of Civil Procedure 23.

**In response to paragraph 40, Defendant admits that Plaintiff brings this action on behalf of a purported class but denies that a class should be certified here.**

41. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation call from any Defendant (or an agent acting

on behalf of Defendant) (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All  persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**In response to paragraph 41, Defendant admits that Plaintiff proposes to define a purported class but denies that a class should be certified here.**

42. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the Class members.

**In response to paragraph 42, Defendant admits that Plaintiff proposes to represent a purported class but denies that a class should be certified here.**

43. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any  judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**In response to paragraph 43, Defendant admits that Plaintiff purports to exclude certain individuals from the "class" but denies that any such class exists.**

44. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**In response to paragraph 44, Defendant denies the allegations as untrue.**

45. This Class Action Complaint seeks injunctive relief and money damages.

**In response to paragraph 45, Defendant admits that Plaintiff seeks injunctive relief and money damages for the class but denies that any such class exists or damages are dued/owed.**

46. The Classes as defmed above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

**In response to paragraph 46, Defendant denies the allegations as untrue.**

47. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

**In response to paragraph 47, Defendant denies the allegations as untrue.**

48. The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

**In response to paragraph 48, Defendant denies the allegations as untrue.**

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**In response to paragraph 49, Defendant denies the allegations as untrue.**

50. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) Whether the Defendant called numbers on the National Do Not Call Registry;

(b) whether Defendant called numbers with accurate Caller ID information as required by law;

(c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**In response to paragraph 50 and subparagraphs a-e, Defendant denies the allegations as untrue.**

51. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Classes.

**In response to paragraph 51, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

52. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

**In response to paragraph 52, Defendant lacks sufficient information or knowledge regarding the allegations and on that basis denies them.**

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

**In response to paragraph 53, Defendant denies the allegations as untrue.**

54. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**In response to paragraph 54, Defendant denies the allegations as untrue.**

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

55. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**Though no response is required to paragraph 55, Defendant incorporates its previous responses.**

56. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**In response to paragraph 56, Defendant denies the allegations as untrue.**

57. Defendant's violations were negligent, willful, or knowing.

**In response to paragraph 57, Defendant denies the allegations as untrue.**

58. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**In response to paragraph 58, Defendant denies the allegations as untrue.**

59. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**In response to paragraph 59, Defendant denies the allegations as untrue.**

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227

60. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**Though no response is required to paragraph 60, Defendant incorporates its previous responses.**

61. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**In response to paragraph 61, Defendant denies the allegations as untrue.**

62. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

**In response to paragraph 62, Plaintiff alleges legal conclusions about the TCPA for which no response is required.**

63. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, by calling without transmitting CPN or ANI, or by calling while transmitting non-compliant CPN or ANI.

**In response to paragraph 63, Defendant denies the allegations as untrue.**

64. These violations were willful or knowing.

**In response to paragraph 64, Defendant denies the allegations as untrue.**

65. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**In response to paragraph 65, Defendant denies the allegations as untrue.**

66. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**In response to paragraph 66, Defendant denies the allegations as untrue.**

## Prayer for Relief

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the complaint, including without limitations, the relief sought in the WHEREFORE clause.

## Jury Demand

Defendant acknowledges that Plaintiff demands a trial by jury but does not respond to Plaintiff's legal conclusion that she is entitled to one.

## Affirmative Defenses

### Subject Matter Jurisdiction

1. The Court lacks subject matter jurisdiction in part because Plaintiff has not suffered sufficient actual injury-in-fact for standing under Article III of the U.S. Constitution.

### Personal Jurisdiction

2. The Court lacks sufficient personal jurisdiction over the claims of unnamed putative class members. This is because there is no general jurisdiction over Defendant in Michigan and there is insufficient specific jurisdiction over unnamed putative class members who

received calls outside of Michigan.

### Venue

3.  Plaintiff's claims are barred due to improper or inconvenient venue.

### No Use of Prerecorded or Artificial Voice

4.  No calls were made using an artificial or prerecorded voice.

### Abstention

5.  The Court should abstain from adjudicating Plaintiff's claims.

### Preemption

6.  Plaintiff's claims are preempted.

### No Ratification

7.  Defendant did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

### Fault of Third Parties

8.  Third parties to this action caused or contributed to Plaintiff's damages.

### Standing

9.  Plaintiff lacks standing because she was also not the actual individual who registered her phone number on the National Do-Not-Call Registry.

### Established Business Relationship

10. Plaintiff is barred from recovering because she conducted a financial transaction or purchased, rented, or leased goods or services within 18 months of the calls at issue.

**Established Business Relationship**

11. Plaintiff is barred from recovering because she made an inquiry or application with Defendant within three months of the calls at issue.

**Reasonable Practices and Procedures**

12. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA and its regulations.

**Not A Residential Telephone Subscriber**

13. Plaintiff is not a "residential telephone subscriber" within the meaning of the TCPA and its regulations and/or she did not receive the calls at issue on her "residential" phone line.

**No Telephone Solicitation**

14. Defendant did not initiate a "telephone solicitation" to Plaintiff.

**31-Day Grace Period**

15. The calls at issue were made within the 31-day grace period after the phone number at issue was registered on the National Do Not Call registry.

**No More Than One Call During A 12-Month Period**

16. Defendant did not make more than one call to Plaintiff during a 12-month period.

**Prior Express Consent**

17. Plaintiff—or her agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient "prior express consent" or express permission for any calls.

**Unclean Hands**

18. The doctrine of unclean hands bars Plaintiff from recovering.

**Failure to State a Claim**

19. Plaintiff's complaint fails to state a claim for relief.

**FCC Primary Jurisdiction**

20. The FCC has primary jurisdiction regarding some or all of the issues in dispute in this matter.

**Constitutional Defense**

21. Plaintiff's claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment.

**No Use of ATDS**

22. No calls were made using an "Automatic Telephone Dialing System" within the meaning of the Telephone Consumer Protection Act ("TCPA").

**No Class Action**

23. Class treatment is inappropriate due to lack of commonality, typicality, and adequacy, and because a class action is not otherwise a superior method of adjudicating this dispute. Further, Plaintiff waived class treatment of her claims.

**Lack of Intent/Good Faith**

24. Defendant acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## Waiver

25. The doctrine of waiver bars Plaintiff from recovering.

## Estoppel

26. The doctrine of estoppel bars Plaintiff from recovering.

## Fault of Plaintiff

27. Plaintiff, by her own conduct, caused or contributed to her damages.

## Failure to Mitigate

28. Plaintiff has failed to mitigate her damages.

## No Knowing or Willful Misconduct

29. Any conduct or violation by Defendant was not knowing or willful.

## No Proximate Cause

30. Defendant did not proximately cause any damages, injury, or violation alleged in the complaint.

## No Statutory Damages/Due Process

31. Plaintiff's statutory damage claim fails to meet the requirements of the law, violates Defendant's due process rights protected by the U.S. Constitution, and violates the constitutional prohibition against excessive fines.

## Statute of Limitations

32. Plaintiff has failed to bring her claims within the statutory time limit required by the applicable statute of limitation.

**Laches**

33. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**Release**

34. Defendant has been released of some or all obligations to Plaintiff.

**Privilege**

35. Defendant's actions were privileged, and thus shielded from liability.

**Justification**

36. Defendant's actions were justified, and thus shielded from liability.

**Misjoinder of Parties**

37. Plaintiff has failed to join an indispensable party.

**De Minimus Harm**

38. The contribution of Defendant to Plaintiff's alleged harm, if any, was de minimus.

**Lack of Capacity**

39. Plaintiff lacks the legal capacity to bring this complaint.

**Res Judicata**

40. There has been an adjudication between substantially the same parties of the same cause of action brought in the present action.

**Collateral Estoppel**

41. There has been an adjudication between substantially the same parties regarding the same or similar issues and facts raised in the present action.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

## PRAYER FOR RELIEF

Defendant prays for relief as follows:

1. That Plaintiff take nothing by reason of her complaint;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its reasonable costs and, if applicable, fees; and

4. That Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: June 29, 2026

COLLIS, GRIFFOR & HENDRA, PC

By */s/ Stuart M. Collis*
Stuart M. Collis (P49530)
1851 Washtenaw Ave.
Ypsilanti, MI 48197
Telephone: (734) 827-1337
scollis@collisandgriffor.com

*Attorneys for Defendant*