**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| TRINITY MORAN, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. 2:25-cv-00258 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INSURANCE PROTECTION SPECIALISTS | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ / | : | |

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for **July 21, 2026, at 2:00 p.m.**, before

the Honorable Maarten Vermaat, United States Magistrate Judge.

Appearing for the parties will be:

**Plaintiff:**
Anthony I. Paronich, Esq.
Paronich Law, P.C.

**Defendant:**
Stuart M. Collis
Collis, Griffor & Hendra, P.C.

1. **Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff

asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Venue is

proper under 28 U.S.C. § 1391 because telemarketing communications giving rise to the claims

were directed into this District.

2. **Jury or Non-Jury**

This matter is to be tried before a jury.

### 3. Judicial Availability

The parties **do not agree** to proceed before a United States Magistrate Judge for all purposes, including trial and entry of final judgment.

### 4. Geographic Transfer

The parties do not believe a geographic transfer under Local Rule 3.3(h) is warranted.

### 5. Statement of the Case

This is a putative class action under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges Defendant placed telemarketing calls and text messages to Plaintiff and other consumers whose telephone numbers were listed on the National Do Not Call Registry without the required consent. Plaintiff further alleges Defendant violated the TCPA's caller identification regulations by failing to transmit compliant caller identification information, including the telemarketer's name, during telemarketing communications.

### 6. Pendent State Claims

This case does not include pendent state law claims.

### 7. Joinder of Parties and Amendment of Pleadings

The parties propose that all motions for joinder of parties or amendment of pleadings be filed no later than **September 30, 2026**.

### 8. Disclosures and Exchanges

(i)   The parties agree that Rule 26(a)(1) initial disclosures should be required. The parties propose exchanging their Rule 26(a)(1) initial disclosures on or before **Tuesday, August 4, 2026**.

(ii)   The parties agree that the exchange of expert reports pursuant to Rule 26(a)(2) is appropriate in this case. Plaintiff shall serve expert reports on or before **Friday,**

1

**January 15, 2027**. Defendant shall serve expert reports on or before **Monday, February 15, 2027**. Any rebuttal expert reports shall be served on or before **Monday, March 1, 2027**.

(iii)   At this time, the parties have not reached an agreement regarding the voluntary production of documents without formal discovery. Accordingly, discovery will proceed through the procedures provided by the Federal Rules of Civil Procedure.

### 9.   Discovery

The parties believe that all fact discovery can be completed by **Tuesday, February 16, 2027**.

Discovery is expected to include written discovery, third-party discovery, electronically stored information, depositions of fact witnesses, Rule 30(b)(6) depositions, expert discovery, and discovery relating to class certification.

The principal subjects of discovery include Defendant's telemarketing campaigns, outbound calling and text messaging practices, call detail records, dialer and messaging systems, caller identification (including CNAM, ANI, and CPN information), consent records, lead generation sources, internal Do Not Call policies and procedures, training materials, customer relationship management databases, contracts with third-party vendors, and records relevant to class certification and damages.

Plaintiff believes discovery should proceed on all issues simultaneously and should not be phased or bifurcated.

The parties propose that the presumptive limitations contained in Rule 33 remain in effect, and neither party presently seeks modification of the presumptive seven-hour deposition limit.

2

**10. Disclosure or Discovery of Electronically Stored Information**

The parties anticipate that electronically stored information will be central to the claims and defenses in this action. Such information is expected to include electronically stored call records, text message records, customer relationship management databases, lead information, consent records, caller identification information, emails, internal communications, and business records.

The parties propose producing electronically stored information in reasonably usable electronic form. Spreadsheets and databases should be produced in native format where appropriate, while documents should be produced as searchable PDF files with associated metadata where feasible.

**11. Assertion of Claims of Privilege or Work-Product Immunity After Production**

The parties propose that inadvertent disclosure of privileged or work-product protected information shall not constitute a waiver of any privilege. The parties anticipate submitting an agreed Federal Rule of Evidence 502(d) protective order governing the return or destruction of inadvertently produced privileged materials.

**12. Motions**

Following the completion of class discovery, Plaintiff anticipates filing a motion for class certification. Defendant may file a Motion to Amend the Pleadings. Defendant's counsel may be filing a Motion to Withdraw. Defendant may file a motion for summary judgment following the close of discovery. The parties propose that all dispositive motions be filed on or before **Friday, March 19, 2027**.

3

**13. Alternative Dispute Resolution**

The parties do not agree to mediation in this case.

**14. Length of Trial**

Counsel estimate that this case will require approximately **five (5) trial days**, allocated as follows: approximately **three (3) days** for Plaintiff's case-in-chief and **two (2) days** for Defendant's case.

**15. Prospects of Settlement**

The parties have discussed the case but have not reached a settlement. Plaintiff believes meaningful settlement discussions will be facilitated after Defendant produces its telemarketing records, call detail records, consent records, and other information relevant to class certification and damages. The parties anticipate continuing to evaluate settlement opportunities throughout discovery and following mediation.

Dated: July 9, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

4

/s/ Stuart M. Collis
Stuart M. Collis, Esq.
Senior Partner
Collis, Griffor & Hendra PC
1851 Washtenaw Rd.
Ypsilanti, MI 48197
(734) 827.1337 - phone
(866) 827.1738 – fax
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

/s/ Anthony Paronich

5