## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

TRINITY MORAN, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

INSURANCE PROTECTION SPECIALISTS

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE NO. 2:25-cv-00258

/

## PLAINTIFF OPPOSITION TO
## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT

Plaintiff, Trinity Moran respectfully opposes the Motion to Withdraw as Counsel filed by Collis, Griffor & Hendra, PC. ("Defense Counsel") for Defendant Insurance Protection Specialists ("Insurance Protection").

Defendant's counsel seeks leave to withdraw immediately after the pleadings have closed, immediately after jointly participating in the Rule 26(f) process, and on the eve of the Court's initial scheduling conference. Although counsel now asserts that the attorney-client relationship has broken down and that continued representation has become financially burdensome, the Motion provides virtually no factual detail that would permit the Court to evaluate whether withdrawal is appropriate.

The timing is particularly problematic. This case has been actively litigated for more than seven months. Defense counsel successfully briefed a motion to dismiss, answered the Complaint, amended that answer, participated in preparing and filing the Joint Rule 26(f) Report, and only then—one day later—filed the present Motion. Discovery is beginning, Plaintiff has already served

written discovery, and the Court's Rule 16 Scheduling Conference is set for July 21, 2026. Allowing counsel to withdraw now would substantially delay the commencement of discovery and prejudice Plaintiff's ability to prosecute this putative class action.

Moreover, Defendant is a limited liability company that cannot proceed without licensed counsel. If withdrawal is permitted without substitute counsel appearing, the litigation will effectively halt while Defendant remains unable to participate in discovery or comply with Court orders. Under these circumstances, the Court should deny the Motion or, at minimum, require Defendant to appear through an authorized corporate representative and demonstrate how this case will proceed before permitting counsel to withdraw.

Indeed, recently another federal court in a TCPA case did exactly this in *Spoon v. NVA Financial Services, LLC*, Civil Action No. 26-cv-69, ECF No. 18 (E.D. Va. May 1, 2026):

> Upon consideration of the Motion, it is hereby ORDERED that the Motion to Continue is GRANTED; and it is further ORDERED that the hearing currently scheduled for May 1, 2026 on Defendants Motion to Withdraw as Counsel is rescheduled to May 5, 2026 at 10:00 a.m. in Courtroom 500; and it is further ORDERED that a corporate representative of Defendant NVA Financial Services, LLC shall appear at the hearing on May 5, 2026 at 10:00 a.m. Signed by Magistrate Judge William E. Fitzpatrick on 4/30/26.

Similar to this case, the defendant in *Spoon* began discovery and then, in an apparent strategic maneuver, decided to take a default prior to producing any class discovery. It appears that the Court intends to inquire of them.

The *Spoon* Court is not the only one that took this approach in a TCPA class action involving a corporate defendant. In *Bulgart v. Prime Time Window Cleaning, Inc.*, No. 1:24-cv-13306 (N.D. Ill.), after discovery had commenced and counsel moved to withdraw, the district court did not simply grant the motion. Instead, it scheduled a hearing and expressly ordered that "[n]ew counsel or a representative of defendant Prime Time Window Cleaning, Inc. must appear." The same safeguards are warranted here. At minimum, before permitting withdrawal, this Court

should require an authorized representative of Insurance Protection Specialists, LLC to appear and explain whether substitute counsel will be retained, whether Defendant intends to continue defending this action, and how Defendant proposes to satisfy its imminent discovery obligations.

For all of these reasons, the motion should be denied.

## Legal Argument

The Plaintiff does not oppose the Motion if Defendant intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7)). Here, even assuming Defendant counsel can show good cause, withdrawal should be denied or strictly conditioned because it will materially prejudice discovery. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.*

If Defendant does not intend to engage new counsel and defend the case, Defendant would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is

settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

The chronology of this case demonstrates why withdrawal at this particular moment would substantially prejudice Plaintiff. Defense counsel entered an appearance in January 2026, litigated Defendant's Motion to Dismiss through full briefing, obtained a ruling denying dismissal, filed Defendant's Answer, corrected that Answer after Court intervention, filed an Amended Answer, and then jointly participated in the Rule 26(f) process required by the Court. The parties filed their Joint Rule 26(f) Report on July 9, 2026, reflecting that discovery was about to commence and that the Rule 16 Scheduling Conference would proceed on July 21, 2026. Only after completing all of those litigation activities did counsel immediately file the present Motion to Withdraw.

The timing is especially significant because Plaintiff has already served his First Set of Interrogatories and Requests for Production contemporaneously with the Rule 26(f) process and discovery is now underway. Defense counsel participated in scheduling that discovery, participated in drafting the Joint Rule 26(f) Report, and never suggested to Plaintiff or the Court that Defendant would not be represented during discovery until after those obligations had been undertaken.

This is not a situation where counsel seeks withdrawal before discovery begins or before the case has progressed. Rather, counsel seeks to exit precisely at the point where Defendant's discovery obligations first become due. Under these circumstances, the prejudice to Plaintiff is

concrete rather than speculative because the withdrawal threatens to delay written discovery, Rule 30(b)(6) discovery, and the production of the class-wide information that lies at the core of Plaintiff's TCPA claims.

A lack of participation in this matter, may afford Insurance Protection a strategic advantage.  In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23.  *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions.");  *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial

lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").  If current counsel withdraws and is not replaced and Insurance Protection defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Plaintiff will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Insurance Protection.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Plaintiff and the members of the putative class.

Thus, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel, or at minimum, that withdrawal not become effective until Defendant satisfies its outstanding discovery obligations — including completion of depositions that were working to be scheduled.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Withdraw. Defense counsel litigated this action through the pleadings, participated in the Rule 26(f) process, and waited until discovery commenced and Plaintiff served written

discovery before seeking to withdraw. Under these circumstances, permitting withdrawal would unnecessarily delay discovery, prejudice Plaintiff's ability to obtain the class-wide evidence necessary to prosecute this action, and leave Defendant—a corporate entity incapable of appearing pro se—without representation at a critical stage of the litigation.

Alternatively, if the Court is inclined to permit withdrawal, Plaintiff respectfully requests that the Court condition any withdrawal upon: (1) the appearance of substitute counsel on behalf of Defendant; or, at minimum, (2) requiring an authorized corporate representative of Defendant to personally appear before the Court to explain Defendant's intentions regarding this litigation, whether substitute counsel will be retained, and how Defendant intends to comply with its pending discovery obligations and the Court's scheduling orders. Plaintiff further requests that any withdrawal not become effective until Defendant's outstanding discovery obligations are satisfied and that the Court grant such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this July 10, 2026.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*

7