UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TRINITY MORAN,                                                Case No. 2:25-cv-258

                Plaintiff,                              Hon. Jane M. Beckering
                                                             U.S. District Judge

      v.

INSURANCE PROTECTION
SPECIALISTS,

                Defendant.
_____/

## ORDER

This Order addresses Counsel for Defendant's motion for leave to withdraw as counsel, ECF No. 27, and Plaintiff's response in opposition, ECF No. 28.

Counsel asserts that there has been a breakdown in the attorney-client relationship and continued representation of Defendant would result in unreasonable financial burden.  ECF No. 27, PageID.206.  Plaintiff opposes the withdrawal because this case has been actively litigated for more than seven months and discovery is beginning.  ECF No. 28, PageID.210.  Plaintiff argues that allowing counsel to withdraw at this stage would substantially delay the commencement of discovery. *Id.*, PageID.211."'

"Attorneys practicing in the United States District Court for the Western District of Michigan are subject to the Michigan Rules of Professional Conduct." *King v. Curtis*, 610 F. App'x 534, 537 (6th Cir. 2015).  The Sixth Circuit has explained that, "while these rules stop short of guaranteeing a right to withdraw, they confirm

that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Id.* (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)).  A motion to withdraw may be denied if the withdrawal is "strategically-timed" or if granting the withdrawal would severely prejudice the client or a third party.  *Id.*

Pursuant to Rule 1.16(a)(1) of the Michigan Rules of Professional Conduct (MRPC), "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law."

In addition, MRPC 1.16(b) provides in part that:

a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
 (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
 (2) the client has used the lawyer's services to perpetrate a crime or fraud;
 (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
 (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
 (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
 (6) other good cause for withdrawal exists.

Here, Defense Counsel asserts that representation will result in unreasonable financial burden.  Thus, Counsel relies on subsection 5 of MRPC 1.16(b).  Additionally, Counsel avers that there has been a breakdown in attorney-client

relationship.  While this case has progressed for several months, discovery is just beginning.  Thus, the undersigned finds there is good cause for withdrawal.

Accordingly, Defense Counsel's motion for leave to withdraw as counsel, ECF No. 27, is **granted**.

IT IS SO ORDERED.


Dated:  July 24, 2026                                    /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U.S. MAGISTRATE JUDGE